UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VIRGIN MOBILE USA IPO LITIGATION | Civil Action No. 08-2054 (SDW)<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of July 23, 2010. Due and adequate notice having been given of the Settlement, and the Court having considered all papers filed and proceedings held herein, otherwise being fully informed in the premises and good cause appearing,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

3. The Court finds, for the purposes of settlement only, that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied in that: (a) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims

1

of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of a class action.

4. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, a class consisting of all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive, and all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired call options on the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive, and all Persons (including, as to all such Persons, their beneficiaries) who sold or otherwise disposed of put options on the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive (including, as to all such Persons, their beneficiaries). Excluded from the Class are the Defendants; any officers or directors of Virgin Mobile during the Class Period and any current officers or directors of Virgin Mobile; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Daniel H. Schulman, John D. Feehan, Jr., Frances Brandon-Farrow, Mark Poole, Robert Samuelson, and Douglas B. Lynn and their successors, heirs, assigns, and legal representatives. Also excluded from the Class

are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiffs are certified as class representatives and Lead Plaintiffs' selection of Kahn Swick & Foti, LLC and Carella, Byrne, Cecchi, Ostein, Brody & Agnello, P.C. as Lead Counsel for the Class is approved.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class, and each of the Class Members. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members, and the Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Persons, including all Defendants. Lead Plaintiffs and the Class will not make applications against any Released Person, and Defendants will not make applications against Lead Plaintiffs and the Class, for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

8. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees,

3

officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) as against the Released Persons, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

9. Upon the Effective Date, all Class Members (including Lead Plaintiffs) and anyone claiming through or on behalf of any of them, except any Persons who have validly and timely requested exclusion from the Class, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Class Members, any confidential witness, any individual contacted by Lead Counsel in the course of their investigation, and Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for those claims brought to enforce the Settlement.

11. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary

4

Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Neither the Plan of Allocation submitted by Lead Counsel or any portion of this order regarding the attorneys' fee and expense application and the Lead Plaintiffs' expense application shall in any way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged by Lead Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Person; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Person in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any Released Person may file the Stipulation and/or the Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) hearing and determining any further applications for attorneys' expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

15. After completion of the processing of all claims by the claims administrator, Lead Plaintiffs shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

16. The Court finds that during the course of the Action, the Lead Plaintiffs, Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them (i) that Lead Counsel would seek an award of attorneys' fees of $33^1/_3\%$ of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $700,000, and (ii) that Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of $33^1/_3\%$ percent of the Settlement Fund, plus reimbursement of expenses in the amount of $480,366.06, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), both to be paid from the Settlement

Fund pursuant to the terms of the Stipulation, immediately after the Effective Date of the Settlement.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

19. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members, advising them that Lead Plaintiffs would seek reimbursement of time, costs, and expenses. A full and fair opportunity was given to Class Members to be heard with respect to Lead Plaintiffs' application for the reimbursement of time, costs, and expenses. The Court finds and concludes that the requested reimbursement for time, costs, and expenses is reasonable and awards reimbursement to the Lead Plaintiffs as follows: $29,370 to Aaron Cheng; $29,205 to Zhao Li; $30,000 to John Mekari; and $25,245 to Alan Whiting, in consideration for the role of each as a Lead Plaintiff.

20. This Action is hereby dismissed in its entirety with prejudice as to all Defendants.

21. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: December 8, 2010.

_____
THE HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE